[Cite as *Clark v. Ohio Dept. of Transp.*, 2011-Ohio-6895.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALAN CLARK

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION

     Defendant

Case No. 2011-05467-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}   Plaintiff, Alan Clark, filed this action against defendant, Department of Transportation (ODOT), contending the right front tire on his vehicle was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition in a construction area on State Route 2 in Lake County. Plaintiff related his car was damaged when the vehicle struck a large pothole in the traveled portion of the roadway. Plaintiff recalled the specific damage incident occurred on December 14, 2009. Plaintiff submitted a copy of a police report which establishes two other vehicles also hit the pothole near the same time, at approximately 7:51 a.m. In his complaint, plaintiff requested damages in the amount of $374.72, the total cost of a replacement tire and related automotive repairs. The filing fee was paid.

{¶2}   Defendant acknowledged that the area where plaintiff's stated property damage event occurred was located within the limits of a working construction project under the control of ODOT contractor, Anthony Allega Cement Contractor/Great Lakes Construction (Allega). Defendant explained this particular construction project "dealt with grading, draining, paving with asphalt concrete on an asphalt concrete base in part, paving with reinforced concrete paving in part, noise barrier, reinforced concrete

retaining walls, MSE walls and rehabilitating existing structures between mileposts 3.32 to 7.75 (on State Route 2) in Lake County." Defendant asserted Allega, by contractual agreement, was responsible for roadway damage, occurrences, or mishaps within the construction zone. Therefore, ODOT argued Allega is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence in the construction project area.

{¶3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in

roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶5}   Alternatively, defendant argued that neither ODOT nor Allega had any knowledge "of potholes on SR 2" prior to plaintiff's incident. Defendant contended that plaintiff failed to produce evidence establishing his property damage was attributable to conduct on the part of ODOT or Allega.

{¶6}   Defendant submitted an email from Allega representative, Carmen C. Carbone, regarding his knowledge of roadway conditions on State Route 2 at the time and location of plaintiff's incident. Carbone reported that the pothole on State Route 2 that plaintiff's vehicle struck must have occurred "sometime over night or early morning hours. As soon as we were notified of the pothole, Allega immediately began repairing the roadway. Allega had no prior knowledge or indication of any hazard on the roadway."

{¶7}   In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶8}   To prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for

roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶9} Generally, to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no evidence ODOT or Allega had actual notice of the potholes or other defects prior to plaintiff's incident at 7:51 a.m. on December 14, 2009. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶10} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set-time standard for the discovery of certain road hazards." *Bussard* at 4.

{¶11} Generally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. To find constructive notice of a defect, evidence must establish that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Ordinarily size of a defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. There is no evidence ODOT or Allega had constructive notice of any defects on State Route 2.

{¶12} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. Evidence available tends to point out the roadway was maintained property under ODOT specifications. Plaintiff failed to prove his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALAN CLARK

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

Case No. 2011-05467-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Alan Clark
5508 Wilson Drive
Mentor, Ohio  44060

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

8/2
Filed 8/9/11
Sent to S.C. reporter 1/3/12